E-FILED
Tuesday, 15 October, 2019 03:22:44 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOYCE BENDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-3252 |
| ) | |
| PRAIRIE STATE BANK & TRUST, ) | |
| ) | |
| Defendant. ) | |

## OPINION

RICHARD MILLS, United States District Judge:

Plaintiff Joyce Bender filed a pro se complaint asserting claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e.

Pending is the Defendant's motion for summary judgment.

The Plaintiff brings this action against her former employer, Prairie State Bank & Trust. She claims she was discriminated against based on color, race and due to her use of leave under the Family Medical Leave Act ("FMLA"). The Plaintiff further asserts the Defendant intentionally discriminated against her by failing to stop harassment and by retaliating against the Plaintiff because she did something to assert rights protected by the laws.

In describing her claim, the Plaintiff refers to allegations of a (1) hostile work environment; (2) harassment without regard to her disability; (3) incorrect

1

application of the FMLA; (4) racist and threatening comments about police officers shooting minorities; and (5) after reporting these alleged comments regarding police officers and minorities, she asserts she suffered unfair treatment.

The Defendant alleges that although Plaintiff alleged "race" and "disability" claims against the Defendant in the Charge of Discrimination she filed with the City of Springfield Office of Community Relations ("SOCR") and the Equal Employment Opportunity Commission ("EEOC"), she never asserted any claim for "retaliation" as she makes in her complaint. Accordingly, the Defendant contends any "retaliation" claims should be stricken.

The scope of a case brought in federal court is limited by the nature of the charges filed with the EEOC. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). In determining whether the complaint's allegations are within the scope of the EEOC charge, a court examines whether the allegations of the complaint are "like or reasonably related to" those contained in the charge. *See Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001). The reason for this rule is so that the employer has notice of the claims against it and the EEOC and employer are afforded an opportunity to settle the dispute. *See Geldon v. S. Milwaukee School Dist.*, 414 F.3d 817, 819 (7th Cir. 2005). A court typically applies a liberal standard in determining if plaintiff's claims are reasonably related to the claims mentioned in her EEOC charge. *See Miller v. American Airlines, Inc.*, 525 F.3d 520, 525-26

(7th Cir. 2008). The key is whether there is a factual relationship between the claims. *See Kersting*, 250 F.3d at 1118.

The Defendant alleges that based on a review of the Plaintiff's EEOC Charge and her Complaint, it is apparent that the Complaint is the first instance a claim of "retaliation" is asserted against the Defendant. Therefore, the allegation of retaliation did not pass through the requisite phases of investigation and conciliation.

The Defendant notes that the SOCR's Final Investigative Report shows that a charge of retaliation was not part of the administrative process. The Defendant further claims that, even if the Plaintiff's Charge was somehow interpreted by the Court as having contained an allegation of "retaliation," the Complaint does not contain the requisite elements for a successful retaliation claim.

A Title VII retaliation charge requires the following three elements of proof: "(1) [the plaintiff] must show that she engaged in statutorily protected expression; (2) [the plaintiff] suffered an adverse action by her employer; and (3) there is a causal link between her protected expression and the adverse action." *McKenzie v. Illinois Department of Transportation*, 92 F.3d 473, 483 (7th Cir. 1996).

The Court agrees with the Defendant that Plaintiff's EEOC Charge does not refer to or allege any acts of retaliation. The court in *McKenzie* noted that retaliation claims often arise after the filing of the EEOC charge. *See McKenzie*, 92 F.3d at 482. In those circumstances, a claimant should not have to file two EEOC charges.

*See id*. To the extent that any acts of retaliation predate the filing of the EEOC charges, however, a plaintiff must include those allegations in her administrative charge if she wishes to include the retaliation claims in the complaint. *See id*.

Some of the acts which form the basis of the Plaintiff's complaint are alleged to have occurred on or about July 15, 2016. According to the Final Investigative Report, the Plaintiff resigned her employment position without any advance notice on July 28, 2016. The Court notes that the Plaintiff's Charge of Discrimination, which alleges discrimination beginning on June 1, 2015, with the latest discrimination occurring on July 18, 2016, was signed by the Plaintiff and notarized on July 26, 2016—two days before she resigned.

It is unclear exactly when the Plaintiff is alleging any retaliation occurred. In her response to the Defendant's motion, the Plaintiff states that "[t]he series of events that took place after my initial compliant [sic] to HR & leading up to my separation from the company will indeed show several forms of retaliation." *See* Doc. No. 13.

Any acts of retaliation that occurred prior to the filing of the Plaintiff's EEOC Charge would be barred because she did not include those acts in the EEOC Charge. However, it is possible that acts of retaliation occurred in the days immediately preceding her resignation and she references that in her response to the Defendant's motion. Given that possibility and based on the Plaintiff's pro se status, the Court declines at this time to dismiss her retaliation claim.

4

<u>Ergo</u>, the motion of Defendant Prairie State Bank & Trust to dismiss the Plaintiff's claim of retaliation [d/e 11] is DENIED.

This case is referred to United States Magistrate Judge Tom Schanzle-Haskins for the purpose of entering a Scheduling Order.

ENTER: October 11, 2019

FOR THE COURT:

<u>/s/ *Richard Mills*</u>
Richard Mills
United States District Judge