E-FILED
Thursday, 13 February, 2020  02:06:22 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOYCE BENDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-cv-3252 |
| | ) | |
| PRAIRIE STATE BANK | ) | |
| AND TRUST, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendant Prairie State Bank and Trust's (Bank) Motion for Rule 37 Sanctions (d/e 20) (Motion).  The Bank filed this Motion on January 22, 2020.  The Bank served pro se Plaintiff Joyce Bender by mail on January 22, 2020.  Motion, at 4 Certificate of Service.  The Bank has asked the Court to dismiss this action as a sanction against Bender for her failure to comply with this Court's Orders or with the discovery rules.  Bender was required to respond to the Motion within 14 days of service.  Local Rule 7.1(B)(2).  She was served by mail and so was given three additional days to respond.  Fed. R. Civ. P. 6(d).  Bender, therefore, was required to respond to the Motion by February 10, 2020.  She has not done so and is presumed to have no objection to the Motion.  Local Rule 7.1(B)(2).

The Bank asks for sanctions because Bender has not complied with this Court's Orders or her obligations under the discovery rules.  This Court ordered the parties to appear by telephone at a scheduling conference on November 21, 2019.  This Court further ordered Bender to confer with the Bank's counsel to prepare a proposed discovery plan with proposed deadlines.  Text Order entered October 17, 2019.  The Federal Rules further require parties to cooperate in the formulation of a discovery plan.  Fed. R. Civ. P. 26(f), 37(f).  The Bank's counsel sent two letters to Bender on October 18, 2019 and October 29, 2019 requesting that she confer with counsel as ordered by this Court.  The latter letter was sent by certified mail.  Motion, Exhibits A and B.  Bender did not respond.  She did not comply with this Court's order or Rule 26(f) to confer with opposing counsel to prepare a discovery plan.

On November 21, 2019, this Court held a telephonic scheduling conference.  This Court made several attempts to contact Bender by telephone, but she did not answer, and the Court was not able to reach her.  Bender again did not comply with this Court's October 17, 2019 Order to appear at the scheduling conference.  Minute Entry entered November 21, 2019.

This Court then entered the Scheduling Order on November 21, 2019 (d/e 18).  The Scheduling Order required Bender to make her initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by December 15, 2019.

Because December 15, 2019 was a Sunday, the initial disclosures had to be served by Monday December 16, 2019.  Fed. R. Civ. P. 6(a)(1)(C).  The Bank served its initial disclosures on Monday December 16, 2019. Bender did not serve her initial disclosures by that date.  Motion, ¶¶ 8-10.  On January 2, 2020, Bender still had not served her initial disclosures.  On that date, counsel for the Bank sent a letter to Bender by certified mail asking her for her initial disclosures.  Motion, Exhibit C.  Counsel has had no response from Bender.  As of the filing of the Motion, Bender has not complied with this Court's Scheduling Order and has not provided the required initial disclosures.

The Bank asks this Court to sanction Bender for her violations of this Court's Orders entered October 17, 2019 and Scheduling Order entered November 21, 2019, for her failure to provide initial disclosures as required by Rule 26(a)(1) and the Scheduling Order, and for her failure to cooperate with opposing counsel in conducting discovery.

This Court may dismiss this case as a sanction for Bender's failure to comply with this Court's Text Order entered October 17, 2019 and this Court's Scheduling Order.  Fed. R. Civ. P. 37(b)(2)(A)(v).  Given Plaintiff Bender's repeated refusal to comply with this Court's Orders, her failure to appear at the scheduling conference, her refusal to provide the required initial disclosures, her refusal to respond or otherwise participate in the litigation of this matter, and her

failure to respond to the Motion, the Court believes that a sanction of dismissal is appropriate.

THEREFORE, THIS COURT RECOMMENDS that Defendant's Motion for Rule 37 Sanctions (d/e 20) should be ALLOWED and this matter should be dismissed with prejudice as a sanction for Plaintiff's failure to comply with this Court's Text Order entered October 17, 2019 and with the Scheduling Order entered November 21, 2019.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:  February 13, 2020

_____s/ *Tom Schanzle-Haskins*_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE